Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
----------------------------------------- X

ANA CARDOSO, *individually and on behalf of others similarly situated*

                  Plaintiffs,

                v.

OLIVIA ROSE ENTERPRISES INC.
(DBA I LOVE NY) and CEZAR MIZRAHI

                Defendants,
----------------------------------------- X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

Plaintiff ANA CARDOSO, a former employee, brings this Action on her own behalf and on behalf of other similarly situated employees of Defendants OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) and CEZAR MIZRAHI. The action stems from alleged violations of the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq. and the New Jersey State Wage and Hour Law, NJSA §34:11-56 et seq ("NJWHL"). The allegations are as follows:

### INTRODUCTION

1.     This action is brought by Plaintiff, on behalf of herself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage

and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. This Complaint seeks to recover unpaid minimum wages and overtime compensation for Plaintiff.

3. The Plaintiff is a former employee of Defendant OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY), a New Jersey Corporation with headquarters at 651 Kapkowski Rd Ste 2080 Elizabeth, NJ 07201. Its principal, Defendant CEZAR MIZRAHI, employed Plaintiff as a salesperson and was in charge of the cash register for Defendants' business in New Jersey.

4. The plaintiff was paid $13 per hour from February 2023 until October 4, 2024. Despite regularly working approximately fifty-two (52) hours per week, she was not compensated for overtime in accordance with the laws in place.

5. At all times relevant to this Complaint, Defendants willfully and intentionally maintained a policy and practice of requiring the Plaintiff and the FLSA collective employees to work more than 40 hours per week without providing them with any additional compensation, as evidenced by timesheets, employee schedules, and other relevant documentation.

6. Based on the information available, it is believed that the Defendants have knowingly and intentionally committed widespread violations of the FLSA and NJWHL. This is evident from their pattern and practice of failing to pay their employees, including the Plaintiff, minimum wage and overtime compensation for all hours worked beyond forty (40) each workweek.

7. Defendants willfully and intentionally refused to record all of the time that

Plaintiff and similarly situated individuals employed by the Corporate Defendant worked, including the work performed in excess of forty hours each week.

8. Accordingly, Plaintiff now brings this Action on behalf of herself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 et seq.

9. Under the provisions of the FLSA, the Plaintiff asserts her right to seek recovery from the Defendants for: (1) unpaid overtime wages, calculated at one-and-a-half times their regular pay rate for each hour worked beyond forty in a workweek, (2) unpaid minimum wages, as set by federal and state law, (3) liquidated damages equal to the amount of unpaid wages, as provided by the FLSA for willful violations, (4) prejudgment interest on the unpaid wages, calculated from the date each wage payment was due until the date of judgment, (5) post-judgment interest, and/or (6) reasonable attorneys' fees and costs, as provided by the FLSA.

10. By reason of such willful violations Plaintiff asserts she is entitled to recover from the Defendants (1) unpaid overtime wages, (2) unpaid minimum wage, (3) liquidated damages, (4) prejudgment, and post-judgment interest; and/or (5) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

**JURISDICTION AND VENUE**

11. This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

12. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§

1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

**Plaintiff**

13. Plaintiff ANA CARDOSO is and was at all times relevant hereto an individual residing in New Jersey.

14. Plaintiff ANA CARDOSO was employed by Defendant OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) at its business located at 651 Kapkowski Rd Ste 2080 Elizabeth, NJ 07201, in the position of a salesperson from February 2023 until October 4, 2024. During the hiring process, CARDOSO was interviewed and given a job offer by Defendant CEZAR MIZRAHI. As a salesperson, CARDOSO followed a work schedule set by MIZRAHI, received daily instructions from MIZRAHI regarding her duties, and was subject to disciplinary actions taken by MIZRAHI. CARDOSO also assisted in serving customers as directed by MIZRAHI.

15. At all times relevant hereto, Plaintiff CARDOSO was a covered employee within the meaning of the FLSA and the NJWHL.

**Defendants**

16. Defendant OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) is a duly organized business corporation under the laws of the State of New Jersey, with a principal place of business at 651 Kapkowski Rd Ste 2080 Elizabeth, NJ 07201, as per the available information and belief.

17. Upon information and belief, Defendant OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) is engaged in interstate commerce, in that it relies heavily on products

that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for each year relevant to Plaintiff's claims.

18. Defendant CEZAR MIZRAHI, based on available information and belief, serves as a principal and/or officer of the Defendant OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY).

19. Upon information and belief, and at all times relevant to the claims herein, Defendant CEZAR MIZRAHI: (i) was known as and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY), known as "Boss" to Plaintiff; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff, which can be substantiated by pay stubs, corporate documents, or Plaintiff's bank records reflecting wages from Defendants; (iii) established work schedules and workload of the employees, as evidenced by work schedules, job descriptions, or internal communications; and (iv) maintained employee records, and had the authority to hire and fire employees, as proven by employment contracts, termination letters, or testimonies from Plaintiffs or other employees about hiring or firing incidents.

20. In fact, Defendant CEZAR MIZRAHI willfully hired Plaintiff, determined her work assignments, workload, and schedule, and calculated her pay, rate of pay, and hours worked.

21. Defendant CEZAR MIZRAHI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

5

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings this action individually and on behalf of all other and former non-exempt gardeners who have been or were employed by the Defendants for up to the last three (3) years through the entry of judgment in this case, defined as the "Collective Action Period". These individuals, referred to as the "Collective Action Members", have not been compensated appropriately. This is due to the willful actions of the defendants, who failed to pay at least the overtime compensation for all hours worked in excess of forty (40) hours per week.

23. With respect to her NJWHL claims, Plaintiff asserts the same pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein (the "Class Period").

24. All said persons, including the plaintiff, are referred to herein as the "Class."

25. The Class members, numbers, and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from the Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P

*Numerosity*

26. The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on

which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

27. There are questions of law and fact common to the Class which dominates over any questions affecting only individual class members, including:

   a. Whether Defendant employed the Plaintiff and the Class within the meaning of the NJWHL;

   b. Whether the Plaintiff and Class members are entitled to and were paid minimum wage, and overtime under the NJWHL;

   c. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

   d. At what common rate, or rates subject to the common method of calculation was and are Defendants required to pay the Class members for their work;

*Typicality*

28. The claims raised by the plaintiff are representative of the issues faced by all class members, and the relief sought by the plaintiff mirrors what other class members would seek in individual actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

29. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage and hour employment litigation cases.

*Superiority*

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through

actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32. Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

33. Defendants owned and operated OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY), a corporate entity principally engaged in the retail services industry. At all relevant times, Defendants OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) and CEZAR MIZRAHI possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

34. As a part of their regular business practices, the Defendants have intentionally, willfully, and repeatedly violated the FLSA, harming the Plaintiffs and other

class members through a consistent pattern or policy of these violations of the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable minimum wage and overtime rate for all time worked in excess of forty (40) hours per week;

   b. failing to keep accurate records of hours worked by employees as required by the FLSA and NJWHL.

35. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation, as evidenced by internal communications, employee testimonies, and financial records. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the other class members.

36. Defendant OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY), under Defendant CEZAR MIZRAHI's direct supervision and authority, acted in line with the Defendants' interests. This included determining the rate and method of employee compensation and exercising joint control over their employees.

37. At relevant times, Defendants OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) and CEZAR MIZRAHI exercised substantial control over the Plaintiff and other similarly situated employees' working conditions, including, but not limited to, setting work hours, determining pay rates, and enforcing company policies. They also held authority over the policies and practices relating to the employment and compensation of the Plaintiff and all similarly situated individuals referred to herein.

38. Defendants OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) and CEZAR MIZRAHI jointly employed Plaintiff and all similarly situated individuals, as evidenced by shared control over work schedules, pay rates, and employment policies.

They are the Plaintiffs' and all similarly situated individuals' employers as defined by 29 USC 201 et seq. and the NJWHL, which stipulate that an employer is any individual acting directly or indirectly in the interest of an employer in relation to an employee.

  39. Defendants OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) and CEZAR MIZRAHI constitute a single employer of the Plaintiff and/or similarly situated individuals. The business divisions between them are fictional, as evidenced by shared HR functions, common management, interrelation of operations, and centralized control of labor relations.

  40. At all times relevant hereto, Defendants OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) and CEZAR MIZRAHI were the Plaintiffs' employers within the meaning of the FLSA, NJWHL, and other applicable laws. Defendants OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) and CEZAR MIZRAHI, as the Plaintiffs' employers, exercised their authority and control in various ways. They made hiring and firing decisions. For instance, upon hiring the Plaintiff, Defendant MIZRAHI outlined the terms of her employment and controlled her work assignments and hours. This is substantiated by CARDOSO's work schedules and the detailed job descriptions provided by MIZRAHI. MIZRAHI also determined the rate and method of the plaintiff's compensation, as shown in CARDOSO's pay stubs and her wage agreement with MIZRAHI. Furthermore, Defendants actively supervised Plaintiffs' work schedules and employment conditions, including direct supervision and instructions given to CARDOSO, as can be substantiated by testimonies from CARDOSO and other employees, as well as email correspondence and memos.

41. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NJWHL requirements.

42. Defendants are knowingly aw are that under the FLSA, they are legally obligated to pay employees performing non-exempt duties, including the Plaintiff and the other class members, overtime pay at a rate of one and one-half times the regular rate for work exceeding forty (40) hours per work week. This is evidenced by training materials, handbook, memos, or correspondence that discuss the FLSA.

43. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her rightfully earned wage, at least the legally mandated minimum wage, and overtime compensation of one and one-half times (1.5x) her regular rate of pay for all hours worked beyond forty (40) in a given workweek, as evidenced by payroll records, pay stubs, and time sheets.

44. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

45. Defendants failed to keep full and accurate records of Plaintiff's hours and wages, as evidenced by incomplete or missing timesheets, payroll records, and inconsistencies between Plaintiff's reported hours and actual hours worked.

*Plaintiff ANA CARDOSO*

46. Plaintiff ANA CARDOSO was hired by Defendant OLIVIA ROSE ENTERPRISES INC. (DBA I LOVE NY) to work as a salesperson and was in charge of the cash register at its business located at 651 Kapkowski Rd Ste 2080 Elizabeth, NJ 07201, starting on February 2023 until October 4, 2024. During the hiring process,

CARDOSO was interviewed and given a job offer by Defendant CEZAR MIZRAHI. As a salesperson, CARDOSO followed a work schedule set by MIZRAHI, received daily instructions from MIZRAHI regarding her duties.

47. The plaintiff worked an average of fifty-two (52) hours per week, Monday through Friday, from 10 A.M. to 9:00 P.M. Despite these working hours, the plaintiff received a fixed salary of $13 dollars per hour, paid in cash, without being able to record her working hours. Plaintiff had a 30-minute lunch break every day.

48. At all relevant times, Defendants willfully and intentionally did not possess a time clock, thereby preventing accurate recording, documentation, and memorialization of Plaintiff's work hours, as evidenced by written communication from Defendants or testimonies from other employees. This lack of time tracking mechanism not only made it impossible for Plaintiff to verify her hours of work but also enabled the Defendants to avoid paying her accurately for the hours worked.

49. From February 13, 2023, until December 31, 2023, Plaintiff was paid $13 per hour, the underpayment per week was $168, and the total underpayment of that period of time was $7,733.75. From January 1, 2024, until October 4, 2024, Plaintiff was paid $13 per hour, the underpayment per week was $230.63, and the total underpayment of that period of time was $9,225. The total amount of unpaid wages is approximately $16,958.

50. Defendants knowingly neglected to pay Plaintiff for the significant amount of overtime hours worked beyond the standard forty (40) hours per week, amounting to [insert specific number of hours] over the course of her employment.

51. Defendants willfully did not provide Plaintiff by the Fair Labor Standards Act (FLSA) with each payment of wages an accurate statement of wages and never provided

Plaintiff with written notice of her rate of pay, employer's regular payday, and such other information as required.

## Defendants' General Employment Practices

52. As part of their regular business practices, Defendants willfully and intentionally required the Plaintiffs to work without paying the proper minimum and overtime wages required by law.

53. As part of their regular business practice, Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and NJWHL by intentionally failing to maintain <u>accurate</u> and complete timesheets and payroll records.

54. By willfully and intentionally employing this practice, Defendants avoided paying the Plaintiff at the overtime rate of time and a half for all of her hours worked in excess of forty (40) hours per week.

55. Defendants willfully and intentionally failed to fulfill their statutory obligations by not posting the required wage and hour posters. They also did not provide the Plaintiff with statutorily required wage and hour records or statements of pay received. This was done to conceal their violations of wage and hour laws, and to exploit the Plaintiff's relative lack of knowledge of these laws.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) her full hours worked, (2) for overtime due, and (3) minimum wage.

57. Defendants failed to provide Plaintiff and other employees with a statement, in Spanish and the employee's primary language, at the time of hiring and before each subsequent January. This statement should have contained the following information as

required by law: the pay rate(s) and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; any allowances claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer along with any "doing business as" names used by the employer; the physical address of the employer's main office and a mailing address if different; and the employer's telephone number.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
**[Violations of the Fair Labor Standards Act—Minimum Wage and Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

58. Plaintiff on behalf of herself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

59. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment.

60. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-

15

half times the minimum wage, whichever is greater. 29 USC §207(a).

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid minimum wage and overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

63. Defendants' willful and intentional failure to pay the Plaintiffs and the FLSA Collective their overtime pay violated the overtime provisions of the FLSA, specifically 29 U.S.C. § 207(a).

64. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay minimum wage and overtime compensation at the statutory rate of time and a half to the Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

65. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

66. Defendants willfully and knowingly failed to notify Plaintiff and FLSA Collective of the requirements of the Fair Labor Standards Act (FLSA) and other relevant employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

67. Throughout the relevant time period, Plaintiff and the FLSA collective worked in excess of forty (40) hours per workweek.

68. At all relevant times throughout her employment, Defendants operated under a policy of willfully and intentionally failing and refusing to pay the Plaintiffs and the

FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Plaintiff and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

69. At all relevant times throughout Plaintiff and the class members' employment, Defendants willfully, regularly, and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per workweek.

70. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 USC § 255(a).

71. Defendants, in violation of the FLSA, failed to pay Plaintiff CARDOSO agreed-upon wages by virtue of their withholding policies, time-clock policies, and chargeback policies as described herein.

72. Defendants willfully and intentionally failed to satisfy the FLSA's recordkeeping requirements.

73. Defendants acted willfully and knowingly in their violations of the FLSA's requirements.

74. Plaintiff and the class members seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper, damages in an amount to be determined at trial.

**COUNT II.**
**[Violation of New Jersey Labor Law—Minimum Wage and Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]**

75. Plaintiff, on behalf of herself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

76. At all relevant times, Defendants, who had hired the Plaintiff, established her work schedules, provided daily work orders, and had the power to discipline and terminate her, had a policy and practice of willfully and knowingly refusing to pay the minimum wage and overtime compensation to the Plaintiff at one and one-half times the hourly rate as mandated by law for the Plaintiff and the class.

77. Defendants' willful and intentional failure to pay Plaintiff, despite their control over their work conditions and schedules, was not in good faith.

78. By reason of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid minimum wage and overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of herself and the FLSA Collective Plaintiff and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief: Authorizing the Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of a court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of

the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages and minimum wages;

    a)     Certification of this case as a collective action pursuant to FLSA;

    b)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing the Plaintiff and their counsel to represent the Collective Action Members;

    c)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

    d)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

    e)     An award of unpaid minimum wages and overtime wages due under FLSA NJWHL plus compensatory and liquidated damages;

    f)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

    g)     An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay minimum wages and overtime compensation, pursuant to the NJWHL;

h)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i)  The cost and disbursements of this action;

j)  An award of prejudgment and post-judgment fees; and

k)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: October 11, 2024

By: _____
Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*