

VIA ECF

Hon. Esther Salas, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: Cardoso v. Olivia Rose Enterprises Inc. (d/b/a I Love NY) and Cezar Mizrahi
D.N.J. No. 2:24-cv-09756-ES-SDA — Plaintiff's Letter Brief in Support of Settlement Approval

Dear Judge Salas:

Pursuant to the Court's September 8, 2025 Text Order (ECF No. 19), Plaintiff Ana Cardoso respectfully submits this letter brief demonstrating that the parties' settlement is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. A proposed form of order with findings of fact and conclusions of law is being submitted contemporaneously.

I. Background & Procedural Posture

Plaintiff filed this wage-and-hour case on October 11, 2024 alleging failures to pay minimum wage and overtime in violation of the FLSA and the New Jersey Wage and Hour Law ("NJWHL"). Defendants appeared and answered. The Court held a Rule 16 conference and entered a scheduling order. On August 1, 2025, the parties reported a settlement in principle, and the Court administratively terminated the action pending consummation (ECF Nos. 16–17). Defendants then filed the fully executed Settlement Agreement and Mutual Release (ECF No. 18). On September 8, 2025, the Court directed the parties to file (1) a letter brief supporting approval and (2) a proposed order with findings by October 3, 2025 (ECF No. 19).

42 BROADWAY, 12TH FLOOR NEW YORK NY 10004
212-832-1000





II. Legal Standard

Courts in the Third Circuit approve FLSA settlements where the agreement represents "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); see, e.g., *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (collecting DNJ decisions applying *Lynn's Food*). In evaluating fairness, courts consider whether the settlement (1) resulted from an adversarial process with adequate representation; (2) resolves a bona fide dispute; (3) provides a fair and reasonable compromise considering the risks; and (4) is free from fraud or collusion. See *Lynn's Food*, 679 F.2d at 1354–55; *Brumley*, 2012 WL 1019337, at *2–3. Attorney's fees must also be reasonable, which DNJ often evaluates under a percentage-of-recovery approach with a lodestar cross-check where necessary. See *Bredbenner v. Liberty Travel, Inc.*, No. 09-905, 2011 WL 1344745, at *19–21 (D.N.J. Apr. 8, 2011) (approving fee percentages up to ~45% in wage cases given risk, skill, and result).

III. A Bona Fide Dispute Exists

Plaintiff, a non-exempt salesperson/cashier, worked approximately 52 hours per week at $13/hour from February 2023 to October 4, 2024. Despite clear legal obligations, Defendants failed to pay required overtime premiums and maintain proper records, violating both FLSA and NJWHL requirements for minimum wage, overtime, liquidated damages, fees, and costs. Defendants deny liability, contest hours, and maintain that Plaintiff was paid all wages due, raising litigation risks on liability, willfulness, damages, and proof of hours. These contested issues present the quintessential bona fide dispute suitable for compromise under *Lynn's Food*.

IV. The Settlement Terms

The Agreement provides a global payment of $20,000 inclusive of Plaintiff's wage recovery and Plaintiff's counsel's fees/costs, funded as follows:





- Initial funding (to be paid within 30 days of court approval):
  $9,217.50 to Plaintiff (W-2) and $5,782.50 to Stillman Legal, P.C. (Form 1099) — total $15,000.
- Five equal monthly installments thereafter (each total $1,000):
  $666.70 to Plaintiff (W-2) and $333.30 to counsel (Form 1099), for a total of $5,000 over five months.

Thus, Plaintiff's gross recovery is $12,551.00 and Plaintiff's counsel receives $7,449.00 in fees/costs (Form 1099). Payments are couriered to Plaintiff's counsel; the Agreement contains customary tax withholding, Medicare deductions, and required child-support search provisions, mutual releases limited to claims arising on or before the Effective Date, confidentiality provisions that comply with applicable law (addressed below), and a mutual non-disparagement provision with a truthfulness/protected-activity carve-out. Plaintiff has executed an affidavit attesting that she reviewed the Agreement with counsel and believes it is fair and reasonable, and she signed voluntarily.

V. The Settlement is Fair and Reasonable

A. Arm's-length negotiations with experienced counsel.
Both sides are represented by experienced wage-and-hour counsel (Stillman Legal, P.C. for Plaintiff; Erdal Employment Law for Defendants). The terms were vigorously negotiated at arm's length after litigation commenced, with Plaintiff's counsel carefully weighing all litigation risks and potential recoveries to secure optimal terms for Plaintiff. There is no hint of fraud or collusion.

B. The recovery is meaningful relative to risk-adjusted exposure.
Plaintiff alleged approximately $16,958 in unpaid wages based on her schedules and pay rate, not including potential liquidated damages. Her $12,551 gross wage recovery equals roughly 74% of the base wage claim—an excellent result given disputes about hours, offsets, and the costs, delay, and uncertainty inherent in continued litigation through dispositive motions, trial, and potential appeal. See, e.g., *Brumley*, 2012 WL 1019337, at *7–8 (approving compromises where plaintiffs recovered a substantial portion of disputed wages in light of litigation risk). The W-2 characterization also aligns with wage recovery treatment and avoids later tax ambiguity.





C. The release, confidentiality, and non-disparagement provisions are appropriately tailored.

The Agreement contains mutual releases limited to claims arising through the Effective Date and expressly preserves statutory rights to participate in agency proceedings (while waiving individual monetary relief)—a feature courts in this District find ameliorates overbreadth concerns in FLSA settlements. While the confidentiality clause is limited in scope (covering only the settlement amount) and contains standard exceptions for disclosures to spouses, attorneys, tax advisors, and as required by law, the parties acknowledge that such provisions must be interpreted consistent with FLSA's remedial purposes and public policy favoring transparency in wage settlements. The non-disparagement provision forbids knowingly false statements but expressly allows truthful statements about employment and protected activity (including NLRA-protected concerted activity). To protect Plaintiff's rights, these provisions must be interpreted consistent with public policy and FLSA notice principles, including Plaintiff's right to discuss her employment experience and wage claims with others. See *Brumley*, 2012 WL 1019337, at *6–7 (addressing confidentiality/disparagement terms).

VI. Attorney's Fees Are Reasonable

Plaintiff's counsel will receive $7,449.00, which is ~37.25% of the $20,000 global amount. This falls within the range commonly approved in this District for contingent FLSA matters, particularly given the early-stage but real litigation work (pleadings, scheduling, settlement preparation/negotiation, and drafting the approval submissions), the risk of non-payment inherent in contingency practice, and the quality of the result. See *Bredbenner*, 2011 WL 1344745, at *21 (recognizing "customary contingent fee would likely range from 30–40% of the settlement," approving percentage up to ~45% in appropriate wage cases); *Brumley*, 2012 WL 1019337, at *12–13 (approving fee percentages in this range). The requested amount is facially proportionate to Plaintiff's recovery and reflects the risk, effort, and efficiency achieved without duplicative motion practice.

42 Broadway, 12th Floor New York NY 10004
212-832-1000

Fight for your rights!
Lucha por tus derechos!



VII. Conclusion

The settlement here represents a carefully structured resolution of serious wage violations, achieved through intensive arm's-length negotiations. It provides Plaintiff with a substantial and appropriately scheduled recovery that fairly compensates her claims while avoiding the significant costs, delays and uncertainties of continued litigation. The allocation to fees is reasonable; the release, confidentiality, and non-disparagement provisions are appropriately tailored and cabined by public-policy carve-outs; and there is no evidence of fraud or collusion.

For these reasons, Plaintiff respectfully requests that the Court:

1. Approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute under the FLSA and NJWHL;
2. Enter the attached proposed Order with findings of fact and conclusions of law; and
3. Dismiss the action with prejudice (or, if the Court prefers, direct the Clerk to convert the administrative termination to a final dismissal upon approval).

Respectfully submitted,

/s/ Lina Stillman
Lina Stillman, Esq.
STILLMAN LEGAL, P.C.


Counsel for Plaintiff


Encl.: Proposed Order; Plaintiff Cardoso Affidavit; Settlement Agreement (ECF No. 18)

42 Broadway, 12th Floor New York NY 10004
212-832-1000





42 B‌ROADWAY, 12TH FLOOR NEW YORK NY 10004
212-832-1000